IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE RICHARD DOWLER,<br>    Plaintiff | * | |
| | * | |
| v | * | Civil Action No. RWT-05-2796 |
| | * | |
| ROBERT L. EHRLICH, JR.<br>    Defendant | * | |

******

## MEMORANDUM OPINION

Plaintiff filed the above referenced civil rights complaint alleging that the "Prisoner Litigation Act" Md. Cts & Jud Pro, 50-1001 et seq violates his constitutional rights. (Paper No. 1). Plaintiff seeks declaratory judgment and injunctive relief. Plaintiff has also sought leave to proceed in forma pauperis which shall be granted. (Paper No. 2). For the reasons that follow the Complains shall be dismissed without requiring service of process on Defendant.

Plaintiff asserts that his constitutional rights are violated by the limitations on filing suit placed by the State Prison Litigation Act. (Paper No. 1). It is not the province of this Court to rule upon state law issues before the appropriate state forum has had the opportunity to do so. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). Additionally, Plaintiff states that he has not exhausted available administrative remedies as to this issue. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 542 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). Assuming without deciding that Plaintiff's claims are meritorious,[1] the

---

[1] The Maryland Prison Litigation Act mirrors provisions found in the Federal Prison Litigation Reform Act, 42 U.S.C. § 1997e, which have been found constitutional. See e.g. Porter v. Nussle, 534 U.S. 516 (2002).

opportunity to have the alleged constitutional violations corrected through litigation in the appropriate state courts or through the appropriate administrative procedures remains available to him.

Accordingly, by separate order which follows, this action shall be dismissed without prejudice.


<u>January 19, 2006</u>               /s/
Date               Roger W. Titus
            United States District Judge